# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **LARRY BROWN, SR.,** | ) | **Case No. 1:07 CV 1333** |
| | ) | |
| Petitioner, | ) | **Judge Dan Aaron Polster** |
| | ) | |
| vs. | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| **STUART HUDSON, WARDEN,** | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommended Decision of Magistrate Judge David S. Perelman, issued on September 8, 2008 ("R & R") (**ECF No. 18**). The Magistrate Judge recommends that the Court deny the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Larry Brown, Sr. ("Petition") (**ECF No. 1**). Brown challenges the constitutionality of his convictions, by a jury, of one count of aggravated murder with a firearm specification and one count of abuse of a corpse, for which he is serving an aggregate prison sentence of 23½ years to life.

Brown contends that the trial court's admission of Evid. R. 404(b) evidence, and the court's failure to rule on his objection to admission of that evidence, prevented a fair trial. In the R & R, the Magistrate Judge determined that Brown procedurally defaulted the claim and that the claim failed on the merits in any event. (R & R at 8-13.) Brown also contends that his

convictions were against the manifest weight of the evidence.  The Magistrate Judge concluded that these were allegations of state law violations that failed to rise to the level of denial of fundamental fairness and were, therefore, not cognizable of federal habeas review.  The Magistrate Judge also determined that, if they were considered, he would not find that the state court ruling on this issue was objectively unreasonable or violated clearly established federal law. (Id. at 13-15.)

> Under the relevant statute:
>
> Within <u>ten days</u> after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.  A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added).  It is now October 15, 2008.  More than five weeks have elapsed since the R & R was issued, and Brown has filed neither an objection nor a request for an extension of time to file an objection.[1]

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nonetheless, the Court has reviewed the comprehensive, well-written R & R and agrees with the Magistrate Judge's conclusions.

---

[1] The record also shows that, on the same day Brown filed a traverse (March 3, 2008), he also filed a motion to stay the proceedings 120 days to allow him "to acquire relevant information of actual innocence."  (ECF No. 15.)  The Magistrate Judge granted the motion.  (ECF No. 16)  Brown never filed a supplemental brief and the Magistrate Judge did not issue the R & R until <u>189 days</u> after granting the motion.  (ECF No. 17.)

Accordingly, the Court hereby **ADOPTS** the R & R (**ECF No. 18**) and **DISMISSES WITH PREJUDICE** the Petition (**ECF No. 1**).

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster     October 16, 2008*
**Dan Aaron Polster**
**United States District Judge**